**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GUSTAVO ROJAS HERNANDEZ** | § | |
| **ON BEHALF OF HIMSELF** | § | |
| **AND ALL OTHERS SIMILARLY SITUATED** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | **Civil Action No. 5:20-cv-508** |
| **V.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **PRITCHARD INDUSTRIES (SOUTHWEST),** | § | |
| **LLC and PRITCHARD INDUSTRIES, INC.** | § | |
| *Defendants* | § | |

<u>**ORIGINAL COMPLAINT**</u>

Plaintiff Gustavo Rojas Hernandez ("Plaintiff" or "Rojas"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), file this Original Complaint against Pritchard Industries (Southwest), LLC and Pritchard Industries, Inc. (collectively "Defendants"), and would show the Court as follows:

<u>**I. PRELIMINARY STATEMENT**</u>

1. This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended. Rojas, on behalf of himself and all similarly situated employees, seeks to recover unpaid overtime, statutory liquidated damages, attorneys' fees and costs. See Exhibit 1 (Rojas' Consent to Join). Moreover, Rojas seeks to certify this matter as a collective action under the FLSA.

<u>**II. PARTIES**</u>

2. Plaintiff Gustavo Rojas Hernandez is a former cleaner for Defendants and is an individual residing in San Antonio, Texas.

1

3.     Defendant Pritchard Industries (Southwest), LLC is a cleaning company authorized to do business under the laws of Texas. Defendant Pritchard Industries (Southwest), LLC was the employer Plaintiffs. Defendant Pritchard Industries (Southwest), LLC may be served by serving its registered agent, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620 Austin, TX 78701.

4.     Defendant Pritchard Industries, Inc. is a foreign business corporation. At all times during Plaintiffs' employment, Defendant Pritchard Industries, Inc. was the employer and/or joint employer of Plaintiffs as defined by 29 C.F.R. § 791. For example, Plaintiffs acted directly or indirectly in the interest of Defendant Pritchard Industries, Inc. and Defendant Pritchard Industries, Inc. supervised and controlled, directly or indirectly, Plaintiffs' conditions of employment. Defendant Pritchard Industries, Inc. can be served by serving its registered agent, The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207.

### III. JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "[a]n action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and/or themselves and other employees similarly situated."   In addition, this Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 because the claims arise under laws of the United States.

6.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV. FACTUAL ALLEGATIONS

7.      At all times hereinafter mentioned, Defendants have been an employer and enterprise engaged in commerce within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203.

8.      Defendants own and operate a full-service provider of office and building janitorial services in various states, including, but not limited to New York, New Jersey, Washington, D.C., Maryland, Virginia, Texas, and Oklahoma.

9.      In Texas, Defendants provide services to customers in Houston, Austin, San Antonio, Fort Worth, and Dallas.

10.     Plaintiff Rojas was employed with Defendants from 2010 through March 23, 2020 as a cleaner.  Plaintiff was paid on an hourly basis and earned $9.00 per hour.

11.     Plaintiff's duties included building and office cleaning, including, but not limited to vacuuming, mopping, dusting, cleaning windows, and taking trash out for disposal.

12.     Plaintiff's work for Defendants involved interstate commerce through the use of employer provided equipment and cleaning materials.

13.     During his entire period of employment with the Defendants, Plaintiff frequently worked over 40 hours per workweek.

14.     Defendants did not pay Rojas one and one-half his regular rate for all hours worked over forty (40) in a workweek.

15.     Further for the workweek of March 16, 2020 to March 23, 2020, Defendants failed to pay Rojas any monies for the work he performed.

16.     Defendants employ similarly situated employees in the cleaner role and those employees were not paid one and one-half their regular rate for all hours worked over forty (40) in a workweek.

17.     Rojas and other similarly situated employees in the cleaner role that were not paid overtime performed job duties typically associated with non-exempt employees. Indeed, Defendants classify cleaners as not exempt from the FLSA.

18.     Defendants were aware, and should have been aware, that Rojas and other similarly situated employees regularly worked in excess of forty (40) hours per workweek, and that they were not paid one and one-half their regular rate for all hours worked over forty (40) in a workweek.

19.     In fact, Plaintiff complained to Defendants, via its San Antonio office, Austin office, and New York office, about not receiving overtime for all hours worked over forty. Defendants told Plaintiff that it would look into it; however, Plaintiff's complaint was never addressed or resolved.

20.     Defendants' conduct as described herein was not based in good faith and was without a reasonable belief that it complied with the FLSA.

21.     Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether its conduct violated the FLSA.

## V. CAUSE OF ACTION: FLSA-OVERTIME WAGES

22.     The preceding paragraphs are incorporated by reference herein for all purposes.

23.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Rojas and the putative class members.

4

24.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

25.     Throughout the relevant period, Defendants failed to pay Rojas and other similarly situated employees wages at time-and-a-half for hours that they worked over forty (40) hours in a workweek.

26.     Throughout the relevant period, Defendants expected and required Rojas and the putative class members to be available to work more than forty (40) hours in a workweek.

27.     As a result of Defendants' unlawful acts, Rojas and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

28.     Defendants' unlawful conduct has been willful and intentional. Defendants were aware, or should have been aware, that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Rojas and the putative class members.

29.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

30.     The preceding paragraphs are incorporated by reference herein for all purposes.

31.     Pursuant to Section 16(b) of the FLSA, Rojas brings this Original Complaint, and any amendments thereto, as a collective action, on behalf of himself and all persons similarly situated who consent to join this litigation, by filing a written consent with the Court, such

persons making claims under the FLSA for the three years preceding the filing of this Complaint, or the three years preceding the filing with the Court of each such person's written consent to join until entry of judgment after trial.

32.     Defendants have a common policy of allowing non-exempt cleaners to work more than forty (40) hours in a workweek; however, when said employees worked more than forty (40) hours in a workweek, Defendants do not pay them time and one-half of their regular rate for all hours worked over forty.

33.     Therefore, the Court should certify a collective action of all employees in a hourly cleaner positions permitted to work more than forty (40) hours in a workweek; who were not compensated at time-and-a-half their regular rate for hours that they worked over forty (40) hours in a workweek; and that worked at any time during the three years preceding the filing of this Original Complaint to the present.

34.     Rojas is informed and believes, and based thereon, alleges that there are other FLSA class members who could "opt-in" to this collective action.

35.     Additionally, the actual number of FLSA collective class members is readily ascertainable by a review of Defendants' records through appropriate discovery, and Rojas proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII. JURY TRIAL DEMAND

36.     Rojas, on behalf of himself and all similarly situated employees, demands a jury trial on all issues so triable.

## VIII. PRAYER

37.     Rojas, on behalf of himself and all similarly situated employees, respectfully requests that the Court certify this case as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against Defendants for the following:

(a)     actual damages for unpaid overtime wages under the FLSA;

(b)     liquidated damages as provided by the FLSA;

(c)     reasonable attorney's fees under the FLSA;

(d)     pre-judgment and post-judgment interest as provided by law;

(e)     all costs of court; and

(f)     any other relief to which Rojas and the members of the putative class may be entitled, whether in law or equity.

Respectfully submitted,

**THE MORALES FIRM, P.C.**
6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Phone: 210.225.0811
Fax: 210.225.0821

BY: /S/ Melissa Morales Fletcher
Melissa Morales Fletcher, *Of Counsel*
State Bar No. 24007702
Email: Melissa@themoralesfirm.com
Lawrence G. Morales, Of Counsel
State Bar No. 14417500
Email: moralesl@sbcglobal.net
Lawrence Morales II
State Bar No. 24051077
Email: lawrence@themoralesfirm.com

**ATTORNEYS FOR PLAINTIFFS**