IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GUSTAVO ROJAS HERNANDEZ §<br>ON BEHALF OF HIMSELF §<br>AND ALL OTHERS SIMILARLY SITUATED §<br>    *Plaintiffs* §<br>§<br>§ Civil Action No. 5:20-cv-508-XR<br>V. §<br>§     JURY DEMANDED<br>§<br>§<br>PRITCHARD INDUSTRIES (SOUTHWEST), §<br>LLC and PRITCHARD INDUSTRIES, INC. §<br>    *Defendants* § | |

**AGREED SCHEDULING RECOMMENDATIONS**

    The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiffs to file a motion seeking leave to amend pleadings; or to join parties is August 20, 2020. Notwithstanding the foregoing, as this case has been filed as a collective action, Plaintiffs may file a motion seeking certification of collective action by September 3, 2020. If granted, other individuals may be added as opt-in plaintiffs after August 20, 2020.

The deadline for Defendant to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practice & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is September 4, 2020.

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before September 16, 2020.

Parties resisting claims for relief shall file their designations of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before October 16, 2020.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within fifteen (15) days from the receipt of the written report of the expert's proposed testimony, or within fifteen (15) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is November 13, 2020.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

The deadline for filing Rule 26(a)(3) disclosures is thirty (30) days before trial.

The deadline for filing objections under Rule 26(a)(3) is ten (10) days after receipt of the opposing party's Rule 26(a)(3) disclosures. Any objections not made will be deemed waived.

**COMPLETION OF DISCOVERY**

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is one hundred twenty (120) days after the close of the opt-in period, if Plaintiff's anticipated motion for conditional certification is granted, or January 15, 2021 if conditional certification is not granted.

**ALTERNATIVE DISPUTE RESOLUTION (ADR) REPORT**

A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before December 4, 2020.

Provided this case is not conditionally certified as a collective action, the parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before October 19, 2020, and each opposing party shall respond, in writing on or before November 19, 2020. If this case is conditionally certified as a collective action, Plaintiffs will submit a written offer of settlement to opposing parties on or before 60 days after the close of the opt-in period and each opposing party shall respond, in writing on or before 90 days after the close of the opt-in period.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

**PRETRIAL MOTIONS**

No motion (other than a motion in limine) may be filed after this date except for good cause. If Plaintiff's motion for conditional certification is granted, Defendants reserve the right to move for decertification of the collective.  Defendants' motion for decertification shall be due thirty (30) days after the close of the discovery period.  If a motion for decertification is filed, motion(s) for summary judgment shall be due thirty (30) days after the Court's ruling on decertification. Unless stated otherwise herein, the deadline to file motions (including dispositive motions and Daubert motions) is thirty (30) days after the close of the discovery period. Unless stated otherwise, the deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is thirty (30) days before trial.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, including (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on [TO BE COMPLETED BY THE COURT]: _____.

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial Conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL.**

The trial date is _____.

   SIGNED this _____, 2020.


                _____
                XAVIER RODRIGUEZ
                UNITED STATES DISTRICT JUDGE

Respectfully submitted,

THE MORALES FIRM, P.C.
6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Phone: 210.225.0811
Fax: 210.225.0821

BY: /S/ Melissa Morales Fletcher
Melissa Morales Fletcher, *Of Counsel*
State Bar No. 24007702
Email: Melissa@themoralesfirm.com
Lawrence G. Morales, Of Counsel
State Bar No. 14417500
Email: moralesl@sbcglobal.net
Lawrence Morales II
State Bar No. 24051077
Email: lawrence@themoralesfirm.com

**ATTORNEYS FOR PLAINTIFFS**

HOLLAND & KNIGHT LLP

By: */s/ Peter N. Hall*
Todd D. Wozniak
Peter N. Hall
HOLLAND & KNIGHT LLP
1180 West Peachtree Street
Suite 1800
Atlanta, Georgia 30309
(404) 817-8412
Todd.wozniak@hklaw.com
Peter.hall@hklaw.com

L. Bradley Hancock
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
(713) 244-6868
brad.hancock@hklaw.com

**ATTORNEYS FOR PRITCHARD INDUSTRIES (SOUTHWEST), LLC AND PRITCHARD INDUSTRIES, INC.**

5

**CERTIFICATE OF SERVICE**

    I do hereby certify that on June 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to the following:

                              /s/ Melissa Morales Fletcher
                              Melissa Morales Fletcher