IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GUSTAVO ROJAS HERNANDEZ, <br> MARIA JUAREZ BENAVIDES, <br> *Plaintiffs* <br><br> -vs- <br><br> PRITCHARD INDUSTRIES <br> (SOUTHWEST), LLC,  PRITCHARD <br> INDUSTRIES, INC., <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | SA-20-CV-00508-XR |

## ORDER

On this day, the Court considered Plaintiffs' motion to certify a collective action and to issue notice. ECF No. 36. After careful consideration, the Court issues the following Order.

## BACKGROUND

This case arises out of the alleged failure by Defendants to pay their employees a proper overtime rate under the Fair Labor Standards Act ("FLSA"). Plaintiffs Gustavo Rojas Hernandez and Maria Juarez Benavides ("Plaintiffs") are former employees of Defendants Pritchard Industries (Southwest), LLC and Pritchard Industries, Inc. ("Defendants"). ECF No. 27 ¶¶ 3–4. Defendants operate an office and building janitorial service in Texas. *Id*. ¶¶ 5–6, 10. Plaintiffs allege they were employed with Defendants for approximately ten years and were paid on an hourly basis. *Id.* ¶¶ 12–13. Plaintiffs assert that they would frequently work over forty hours per workweek, but Defendants knowingly did not pay them the regular overtime rate required by the FLSA. *Id*. ¶¶ 16–18, 21–22. They assert the same for other similarly situated employees "in the cleaner role." *Id*. ¶¶ 19–21. Plaintiffs assert that they complained about these alleged FLSA violations to their supervisor but were terminated two weeks later. *Id*. ¶¶ 25–26.

1

On April 24, 2020, Plaintiff Hernandez filed his original complaint. He amended that complaint on August 24, 2020 and added Plaintiff Benavides as a co-plaintiff. On December 4, 2020, Plaintiffs filed the instant motion to certify a collective class action under the FLSA. ECF No. 36. In January of this year, the Fifth Circuit Court of Appeals handed down a decision that altered much of the pre-trial landscape for class actions brought under the FLSA. *See Swales v. KLLM Transp. Servs.*, No. 19-60847, 2021 WL 98229 (5th Cir. 2021). The Court then ordered the parties to file supplemental briefing regarding the impact *Swales* has on this case. The motion and supplemental briefing are discussed below.

## DISCUSSION

### I.     Legal Standard

Under 29 U.S.C. § 216, an employee may bring an action against an employer "[on] behalf of himself . . . and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* Fed. R. Civ. P. 23; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Until recently, the method adopted by this Court for determining whether to certify a collective action under § 216(b) was the *Lusardi* two-tiered approach. Under *Lusardi*, the plaintiff would notify potential members of the action and then the court would engage in a factual determination as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp*., 118 F.R.D. 351 (D.N.J. 1987); *Mooney*, 54 F.3d at 1213–14.

However, earlier this year, the Fifth Circuit handed down a new opinion. In *Swales v. KLLM Transp. Servs.*, No. 19-60847, 2021 WL 98229 (5th Cir. 2021), the Fifth Circuit abrogated the *Lusardi* approach. "Instead of adherence to *Lusardi*, or any test for 'conditional certification,' a district court should identify, at the outset of the case, what facts and legal considerations will be

material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at *7. The purpose of this analysis is to determine "early in the case, whether merits questions can be answered collectively." *Id.* "To determine, then, whether and to whom notice should be issued in this case, the district court needs to consider all of the available evidence." *Id.* at *8.

## II. Analysis

Plaintiffs seek to certify a class of janitorial workers who the plaintiffs allege were not paid overtime for hours worked over 40 hours per week pursuant to the Fair Labor Standards Act. Under the FLSA, covered employees must be paid time and a half for hours worked in excess of forty hours in a week. 29 U.S.C. § 207(a)(1). "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C.A. § 216.

Relying upon *Swales*, the Defendants argue that plaintiffs have not established that that employees may proceed collectively because they are not "similarly situated." In sum, Defendants argue that an individualized inquiry will need to be made to determine: (1) whether a janitor worked more than 40 hours per week. (2) whether a payroll code was properly applied to that employee's wages for that week, and (3) whether a payroll code error resulted in the janitor receiving more overtime pay than he/she was entitled. [1]

---

[1] Defendant Pritchard Industries, Inc. argues that it is not a proper party to the action because it was never engaged in an employment relationship with the Plaintiffs or the putative class. ECF No. 48 at 1–2. This question goes to the merits of Plaintiffs' claim and is not properly resolved at the notice stage. Although the Fifth Circuit held that threshold issues, like whether the plaintiffs were employees or independent contractors, should be decided before notice was sent out, such questions pertained to which persons should properly receive notice. Whether Defendant Pritchard Industries, Inc. is an employer, on the other hand, will not affect who should and should not receive notice.

"Post-*Swales*, the question the Court must answer now is the same question it would ask at the second stage of the *Lusardi* analysis: are Plaintiffs and Opt-Ins sufficiently 'similarly situated' such that this case should proceed on a collective basis? To determine whether or not plaintiffs and opt-ins are similarly situated in the context of a collective action, courts often consider three factors: '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations.'" *Badon v. Berry's Reliable Res., LLC*, No. CV 19-12317, 2021 WL 933033, at *3 (E.D. La. Mar. 11, 2021).

In this case there exists a common issue amongst all the janitor employees—was a payroll code properly applied to their weekly paycheck that provided that they were paid 1.5 times their regular rate of pay for hours worked in excess of 40 hours per workweek. The fact that the employer will have to review its records to determine whether each janitor was properly paid in order to identify class members does not alter the fact that the janitors are "similarly situated."

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to certify a class is **GRANTED**.  The class shall consist of the following:

> All current and former hourly employees employed by Defendants in the State of Texas from [three years prior to the date the notice is issued] whose job duties include janitorial and cleaning services, and who received only their regular rate of pay for any hours worked over 40 during one or more workweeks. This includes, without limitation, such job titles as "Working Building Supervisor[2]," "General Service Worker," "General Cleaner," and "Janitor."

The parties are directed to meet and confer regarding the notice that will be sent prior to submitting the notice to the Court for approval.

---

[2] The Court inquired into this classification to ensure there was no issue that these employees may be "exempt" employees, and the parties agree that these workers were also hourly employees.

It is so **ORDERED**.

**SIGNED** this 25th day of March, 2021.

Xavier Rodriguez
United States District Judge