IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GUSTAVO ROJAS HERNANDEZ, §<br>MARIA JUAREZ BENAVIDES, §<br>      *Plaintiffs* §<br>§<br>-vs- §<br>§<br>PRITCHARD INDUSTRIES §<br>(SOUTHWEST), LLC, PRITCHARD §<br>INDUSTRIES, INC., §<br>      *Defendants* | SA-20-CV-00508-XR |

## ORDER

On this day, the Court considered Defendants' motion to certify an interlocutory appeal. After reviewing Defendants' motion (ECF No. 52) and Plaintiffs' response (ECF No. 54), the Court issues the following Order. For the reasons stated herein, Defendants' motion is **DENIED**.

## BACKGROUND

This case arises out of the alleged failure by Defendants to pay their employees a proper overtime rate under the Fair Labor Standards Act ("FLSA"). Plaintiffs Gustavo Rojas Hernandez and Maria Juarez Benavides ("Plaintiffs") are former employees of Defendants Pritchard Industries (Southwest), LLC and Pritchard Industries, Inc. (together, "Defendants"). ECF No. 27 ¶¶ 3–4. Defendants operate an office and building janitorial service in Texas. *Id*. ¶¶ 5–6, 10. Plaintiffs allege they were employed with Defendants for approximately ten years and were paid on an hourly basis. *Id.* ¶¶ 12–13. Plaintiffs allege that they frequently worked over forty hours per workweek, but Defendants knowingly did not pay them the regular overtime rate required by the FLSA. *Id*. ¶¶ 16–18, 21–22. They assert the same for other similarly situated employees "in the cleaner role." *Id*. ¶¶ 19–21. Plaintiffs further assert that they complained about these alleged FLSA violations to their supervisor but were terminated two weeks later. *Id*. ¶¶ 25–26.

On March 25, 2021, the Court granted Plaintiffs' motion to certify a class action. ECF No. 50. In that order, the Court ordered that notice be sent to "[a]ll current and former hourly employees . . . whose job duties include janitorial and cleaning services, and who received only their regular rate of pay for any hours worked over 40 during one or more workweeks." *Id*. at 4. Defendants then filed the instant motion to certify an interlocutory appeal and seek to prevent the issuance of notice until after the appeal has been adjudicated. ECF No. 52.

## DISCUSSION

### I.     Legal Standard

A party generally may not appeal an issue in a case until a final decision has been rendered. Under 28 U.S.C. § 1291, "[t]he courts of appeal . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ." However, a trial court may certify an interlocutory issue for appeal prior to the issuance of a final decision.

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). That section provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). However, "[i]nterlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Allen v. Okam Holdings, Inc*., 116 F.3d 153, 154 (5th Cir. 1997) (*per curiam*); *see also United States v. Nixon*, 418 U.S. 683, 690 (1974) ("The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.").

Three elements must be met for a district court to certify an interlocutory issue for appeal: "(1) The district court's order must involve a controlling issue of law; (2) there must be substantial grounds for difference of opinion; and, (3) an immediate appeal from the order will materially advance the ultimate termination of the litigation." *Hopkins v. Cornerstone Am.*, 4:05-CV-332-Y, 2007 WL 9772306, at *2 (N.D. Tex. Aug. 1, 2007) (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)).

**II.     Analysis**

Defendants make two arguments in favor of certification for an interlocutory appeal. First, that the first and third elements are satisfied here because "[i]f the Fifth Circuit determines that the allegations in this case are not susceptible of collective treatment . . . then this matter will proceed quickly to termination based on the individual claims of the two named plaintiffs." ECF No. 52 at 6. Second, that there is substantial ground for difference of opinion because "[t]his Court was one of the first to address certification under the Fifth Circuit's new standard as announced in *Swales*, and thus necessarily operated in an area of legal uncertainty." *Id.* (citing *Swales v. KLLM Transp. Servs.*, No. 19-60847, 2021 WL 98229 (5th Cir. 2021)).

Plaintiffs counter that discrepancies in the amount of uncompensated overtime—a key focal point in Defendants' argument that this order contains a controlling question of law—are insufficient to defeat certification of a class. ECF No. 54 at 3 (citing *Maynor v. Dow Chem. Co.*, 671 F. Supp. 2d 902, 933 (S.D. Tex. 2009)). Plaintiffs further respond that "simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* at 4 (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006)). Plaintiffs finally argue that the only way that interlocutory appeal would materially advance the litigation would be if the Fifth Circuit overturns

this Court's ruling and requires the case to proceed solely on the claims of the named Plaintiffs. This would make the case cheaper and quicker than proceeding on a class-wide basis. *Id*. at 6–7.

The Court declines to certify its order for interlocutory appeal. Defendants' argument boils down to a disagreement with the Court's order. The order only involves a controlling issue of law insofar as it applies the Fifth Circuit's recent ruling in *Swales*. However, the thrust of Defendants' argument is that the Court's order granting class certification misidentifies a common issue applicable to all members of the class—whether a payroll code error resulted in the janitor receiving less overtime pay than that to which he/she was entitled. This amounts to a disagreement over the application of the controlling law, not an issue with the controlling law itself.

Further, Defendants have not shown a substantial ground for difference of opinion. Defendants assert that the novelty of the *Swales* decision, coupled with one pre-*Swales* decision that is similar to Defendants' preferred outcome, evidences a substantial likelihood of disagreement among the courts. It does not. *See Ryan v. Flowserve Corp*., 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) ("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." (citation omitted)). The Court finds that Defendants have not met their burden of showing a substantial ground for difference of opinion.

Finally, an immediate appeal of the Court's order will not materially advance the ultimate termination of the litigation. In fact, the Court finds that the interlocutory appeal is more likely to delay the proceedings than it is to expedite them. In evaluating this factor, the "district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria Cnty. Tex*., 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013). Even if the Defendants

have their way, the case would still need a trial on the named Plaintiffs' surviving FLSA claims. Likewise, the trial would not be simplified because the ultimate questions would remain the same regardless of the number of employees involved in the litigation—were the plaintiffs subject to a policy that resulted in the employees being underpaid? Certainly the appeal has the potential to make discovery easier and less costly, but only if the Fifth Circuit overturns the Court's order. However, the Fifth Circuit is unlikely to review the decision even if the Court certifies it for an interlocutory appeal for the same reasons outlined above. *See id*. ("Even if the district court certifies a section 1292(b) appeal, the court of appeals must determine that the certification requirements of the statute have been met." (citing *Castellanos–Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (*en banc*))). The Court finds that this factor has not been satisfied.

## CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' motion (ECF No. 52) to certify the order granting class certification for interlocutory appeal.

It is so **ORDERED**.

**SIGNED** this 14th day of May, 2021.

Xavier Rodriguez
United States District Judge